**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PAMELA CATHERINE  BEDESKI CHING | **CASE NO.: C14-1157RSL** |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| vs. | **1.  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; AND 2.  VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION** |
| THE BOEING COMPANY. | |
| Defendant | **JURY TRIAL REQUESTED** |

## I. PARTIES

1.1     At all times mentioned herein, Plaintiff PAMELA CATHERINE  BEDESKI CHING ("Plaintiff") was a resident of Kirkland, Washington.

1.2     Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, Defendant THE BOEING COMPANY ("Defendant") was and is a corporation organized and existed under the laws of the State of Washington, and is doing business in King County Washington.

FIRST AMENDED COMPLAINT                    1

LAW OFFICE OF GLYN E. LEWIS
1100 Dexter Ave. N., Ste. 100
Seattle, WA 98109
Telephone (206) 661-5773

## II.    JURISDICTION AND VENUE

2.1    This court has original subject matter jurisdiction of this complaint pursuant to 28 U.S.C. Sections 1331. This action is authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 12101.

2.2    The Court has jurisdiction because Plaintiff's state law claims set forth in this complaint under 28 U.S.C. Section 1367 pursuant to its supplemental jurisdiction to hear state related claims. The state claims alleged herein arose from a common nucleus of operative facts, are related the federal claims such that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

2.3    Venue is appropriate in the Western District pursuant to 28 U.S.C. Section 1391, because all the facts alleged herein took place in the Western District and the Defendant resides in the Western District.

## III.    STATEMENT OF FACTS

3.1    Plaintiff was employed by Defendant as a procurement financial analyst. From September 2012 to July 2013, Defendant placed Plaintiff on medical leave of absence pursuant to Plaintiff's request. Prior to taking her leave of absence Plaintiff was performing all the essential functions of procurement financial analyst. Plaintiff requested medical leave because she was suffering from acute anxiety, panic attacks and neck pain and was unable to perform her essential job functions. The foregoing physical and mental impairments substantially limited Plaintiff's ability to perform work for Defendant. Plaintiff's physical and mental impairments constituted a "disability" as that term is used in the Americans with Disabilities Act. See, for example, Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, (9th Cir. Nev. 1998) holding that a

FIRST AMENDED COMPLAINT          2

LAW OFFICE OF GLYN E. LEWIS
1100 Dexter Ave. N., Ste. 100
Seattle, WA 98109
Telephone (206) 661-5773

Plaintiff suffering from depression, post-traumatic stress disorder, and panic attacks has impairments substantially limit the Plaintiff in his major life activity of working.

3.2     Plaintiff's medical records from September 2012 to June 2013 reflect a diagnosis of the above described physical and mental impairments.  Aetna administered medical leaves of absence for Defendant's employees.  During her medical leave of absence Plaintiff visited her doctor on a monthly basis. Plaintiff's doctor periodically sent updates on Plaintiff's medical condition to Aetna stating her expected return to work date. The updates from Plaintiff's doctor diagnosed Plaintiff as continuing to suffer the above described physical and mental impairments.

3.3     On June 20, 2013, Plaintiff's doctor sent Aetna a medical report stating that Plaintiff's expected return to work date was Monday, July 29, 2013. The medical report, dated June 20, 2013, also diagnosed Plaintiff as continuing to suffer from anxiety, panic attacks and neck pain. Despite Aetna's receipt of the medical report, Defendant asserted that Plaintiff's return to work date was Saturday, June 29, 2013.

3.4      On June 29, 2013, Defendant terminated Plaintiff's employment due to Plaintiff's alleged failure to return to work. Defendant never called or emailed Plaintiff to determine why she did not return to work on June 29, 2013, despite having access to Plaintiff's cell phone number and email through Defendant's "Total Access" website.

3.5     Plaintiff was terminated within weeks of filing a claim for government benefits. Moreover, Defendant deliberately avoided any actual contact with Plaintiff prior to her termination in an effort to prevent her from returning to work.

3.6     Plaintiff only discovered she had been discharged by Defendant in mid July 2013 when she received a discharge questionnaire from the Washington State Employment Security Department. Upon receiving the discharge questionnaire Plaintiff immediately contacted

FIRST AMENDED COMPLAINT                    3

Defendant's HR department, her former supervisor, and Aetna to correct the apparent

miscommunication regarding her return to work date. Aetna, and Defendant's employees, Joanne

Urtula and Jennifer Kranz, rebuffed Plaintiff and made no effort whatsoever to correct their

mistake regarding Plaintiff's termination.

       3.7     With reasonable accommodation Plaintiff could have been able to perform the

essential functions of her job as a procurement analyst.  Under the circumstances described

above, Defendant could have provided reasonable accommodation to Plaintiff by permitting her

to complete her medical leave and allowing Plaintiff to return to work on July 29, 2013, the date

state by Plaintiff's doctor as Plaintiff's return to work date.  Plaintiff was able to perform all her

essential job functions as a procurement analyst and ready, willing and able to work as of July,

29, 2013. In October 2013, Plaintiff filed a complaint against Defendant with the EEOC for

violation of the Americans with Disabilities Act. Plaintiff received a right to sue letter from the

EEOC on June 17, 2014.

## IV.    FIRST CAUSE OF ACTION

Violation of Americans with Disabilities Act (42 U.S.C.  Section 12101 et seq.)

       4.1     The allegations of Paragraphs 1.1 through 3.7 above are re-alleged and

incorporated herein by reference.

       4.2     Discrimination in employment on the basis of disability is prohibited by the

Americans with Disabilities Act..The Americans with Disabilities Act requires that an Employer

engage in individualized interactive process with an Employee to accommodate an employee

who is on a medical leave absence.

       4.3     Plaintiff was disabled at the time of her termination.

FIRST AMENDED COMPLAINT       4

LAW OFFICE OF GLYN E. LEWIS
1100 Dexter Ave. N., Ste. 100
Seattle, WA 98109
Telephone (206) 661-5773

4.4   Defendant's failure to make actual contact with Plaintiff to determine if she was medically able to return to work prior to her termination is a violation of the ADA. Defendant's failure to reverse Plaintiff's termination after the apparent miscommunication regarding Plaintiff's return to work date is a violation of the ADA. Defendant's termination of Plaintiff's employment while she was under  a disability is a violation of the ADA.

4.5   Defendants unlawful discrimination directly and proximately caused <u>wage loss</u>, economic and emotional harm and damages to Plaintiff in an amount to be proven at trial.

4.7   Plaintiff is entitled to recover all <u>lost wages</u>, economic and general damages proximately caused by Defendant's unlawful discrimination in violation of the ADA, together with actual costs of litigation, including reasonable attorneys' fees. <u>Plaintiff is further entitled to recover attorney fees for lost wages pursuant to RCW 49.48.030.</u>

## V.   SECOND CAUSE OF ACTION

(Violation of Washington's Law Against Discrimination)

5.1   The allegations of Paragraphs 1.1 through 3.7 above are re-alleged and incorporated  herein by reference.

5.2   Discrimination in employment on the basis of disability is prohibited under the Washington Law Against Discrimination RCW 49.60 et seq.. WLAD requires employers to reasonably accommodate a disabled employee unless the accommodation would be undue hardship.

5.3   Plaintiff was disabled at the time of her termination.

5.4   Discrimination in employment on the basis of disability is prohibited in Washington under RCW 49.60, et seq.

FIRST AMENDED COMPLAINT                    5

LAW OFFICE OF GLYN E. LEWIS
1100 Dexter Ave. N., Ste. 100
Seattle, WA 98109
Telephone (206) 661-5773

5.4     By terminating Plaintiff without making an effort to reasonably accommodate Plaintiff, Defendant unlawfully discriminated against Plaintiff in direct violation of RCW 49.60. et seq.

5.5     Defendants unlawful discrimination directly and proximately caused wage loss, economic and emotional harm and damages to Plaintiff in an amount to be proven at trial.

5.6     Plaintiff is entitled to recover all lost wages, economic and general damages proximately caused by Defendant's unlawful discrimination in violation of WLAD, together with actual costs of litigation, including reasonable attorneys' fees. Plaintiff is further entitled to recover attorney fees for lost wages pursuant to RCW 49.48.030.

**WHEREFORE,** PLAINTIFF prays for judgment against Defendants as follows:

1.     For general damage, for lost wages, for emotional distress and mental suffering, humiliation, embarrassment, depression in an amount according to proof;

2.     For punitive damages for the conduct described herein.

3.     For incidental expenses and damages according to proof;

4.     For costs of suit herein incurred, including reasonable attorney's fees;

5.     For such other relief as the Court may deem proper and just.

Dated: December 4, 2014          **LAW OFFICE OF GLYN E. LEWIS**

By:     /s/ Glyn Lewis
GLYN E. LEWIS, WSBA #45744
1100 Dexter Ave. N. Ste. 100
Seattle, WA 98109
Telephone: (206) 661-5773
Email: glyn@glynelewis.com
Attorney for Plaintiff

FIRST AMENDED COMPLAINT          6          LAW OFFICE OF GLYN E. LEWIS
1100 Dexter Ave. N., Ste. 100
Seattle, WA 98109
Telephone (206) 661-5773