1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   PAMELA CATHERINE CHING BEDESKI,

10              Plaintiff,                          Case No. C14-1157RSL

11        v.

12   THE BOEING COMPANY,                            ORDER GRANTING
                                                    DEFENDANT'S MOTION FOR
13              Defendant.                          SUMMARY JUDGMENT

14

15        This matter comes before the Court on "Defendant Boeing's Motion for Summary

16   Judgment." Dkt. # 21. Summary judgment is appropriate when, viewing the facts in the light

17   most favorable to the nonmoving party, there is no genuine issue of material fact that would

18   preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the

19   case "bears the initial responsibility of informing the district court of the basis for its motion"

20   (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials

21   in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)).

22   Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-

23   moving party fails to designate "specific facts showing that there is a genuine issue for trial."

24   Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to

25   the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v.

26   County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for

27

28   ORDER GRANTING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT - 1

the jury genuine issues regarding credibility, the weight of the evidence, and legitimate

inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's

position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750

F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In

addition, the non-moving party may not avoid summary judgment simply by filing an affidavit

that disputes her own prior statements and omissions or contains nothing more than conclusory

allegations unsupported by factual data. See Nelson v. City of Davis, 571 F.3d 924, 927-28 (9th

Cir. 2009); Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993). In short, summary judgment should

be granted where the nonmoving party fails to offer evidence from which a reasonable jury

could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514

(9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and

taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

## I. BACKGROUND

Plaintiff is a former Boeing employee who worked as a procurement financial analyst

prior to her termination. In September 2012, plaintiff requested a leave of absence because she

"was suffering from acute anxiety, panic attacks and neck pain and was unable to perform her

essential job functions." Decl. of Pamela Catherine Bedeski Ching[1] (Dkt. # 28) at ¶ 2. As the

initial leave period came to a close, defendant's benefits administrator sent a letter to plaintiff's

home address reminding her that her leave was about to expire and that she was expected to

return to work on her next scheduled work day. The letter informed plaintiff:

**YOUR ACTION IS REQUIRED if you are NOT returning as expected:**

**• Request an extension:** Call TotalAccess at 1-866-473-2016; say "Leave of

---

[1] Plaintiff's name varies throughout the record. The original complaint, the docket in this matter, many of the exhibits, and plaintiff's signature block indicate that plaintiff's name is Pamela Catherine Ching Bedeski.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 2

Absence" when prompted. Failure to report changes in leave dates can disrupt pay and benefits. If your absences are not excused, your organization my [sic] take corrective action up to and including termination for unexcused absences. For extensions, you are required to supply updated medical documentation for both leave and disability, if applicable.

Dkt. # 23 at 16. Boeing also placed an automated telephone call advising plaintiff that her leave was set to expire on November 21, 2012. Dkt. # 23 at 6. Plaintiff does not dispute that these communications were made and does not contend that she did not receive them.

Plaintiff, either individually or through her doctor, obtained five additional extensions of her leave by following the steps set forth in Boeing's letters: she (or the doctor) timely called TotalAccess and provided the required medical documentation. With her leave set to expire on June 28, 2013, the benefits administrator again sent a letter to plaintiff's home and placed an automated telephone call. At about the same time, Boeing received a report that plaintiff had engaged in outside employment while on leave, in violation of Boeing's Leave of Absence Policy Handbook. Dkt. # 25 at ¶ 2; Dkt. # 24 at 33. The matter was referred to Boeing's Office of Internal Governance on June 19, 2013, for investigation. On June 21, 2013, Boeing received medical documentation supporting an extension of leave until July 28, 2013, but neither plaintiff nor her doctor called TotalAccess. Both human resources and the Boeing investigator attempted to reach plaintiff through additional contact numbers that were in plaintiff's employment records. Between June 20th and July 9th, they tried to reach her a combined total of seven times, but to no avail. Dkt. # 24 at ¶ 10; Dkt. # 25 at ¶ 4.

On July 10, 2013, human resources processed plaintiff's termination for job abandonment. Dkt. # 24 at ¶ 11. On July 12, 2013, the investigator issued a report concluding that plaintiff had, in fact, engaged in outside employment while on leave in violation of Boeing's policies, noting "[a]s a result, Bedeski-Ching's employment with Boeing is being terminated, per conversations with Human Resources; effective June 28, 2013." Dkt. # 25 at 5-6. Boeing sent plaintiff a letter on July 19th notifying her that her employment had been terminated for

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 3

violation of the Leave of Absence policies. Dkt. # 24 at 68-69. When she learned of her termination, plaintiff attempted "to correct the apparent miscommunication regarding her return to work date," but Boeing was unwilling to reinstate her. Decl. of Pamela Catherine Bedeski Ching (Dkt. # 28) at ¶ 5.

Plaintiff filed this litigation on July 31, 2014. She asserts that Boeing discriminated against her because of her disability in violation of the Americans With Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD").

## II.  DISCUSSION

Plaintiff's accommodation claims fail as a matter of law because she has not presented any evidence from which a reasonable jury could find that she was terminated because of her disability (Samper v. Providence St. Vincent Med. Ctr., 675 F.3d 1233, 1237 (9th Cir. 2012) (third element of a prima facie case under the ADA)) or that Boeing, "upon notice, . . . failed to affirmatively adopt measures that were available to the employer . . . to accommodate the abnormality"(Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 192-93 (2001) (fourth element of a prima facie case under the WLAD)).[2] "An underlying assumption of any reasonable accommodation claim is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied." Flemmings v. Howard Uni., 198 F.3d 857, 861 (D.C. Cir. 1999). See also Washburn v. Gymboree Retail Stores, Inc., C11-0822RSL, 2012 WL 3818540, at *10-11 (W.D. Wash. Sept. 4, 2012). In this case, every time plaintiff initiated a request for accommodation and provided the supporting documentation, medical leave was granted. Plaintiff does not dispute that she failed to follow Boeing's procedure for requesting an extension of her leave past June 28, 2013. Nor has she argued that Boeing's procedures for making the request were onerous, unreasonable, or otherwise unenforceable: in fact, she had

---

[2] Prior to 2007, the measures must also have been "medically necessary," but that requirement was abrogated by statute, as recognized in Johnson v. Chevron U.S.A., Inc., 159 Wn. App. 18, 29-30 (2010).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 4

1    followed the correct procedures for months without incident.

2         "An employer is not required to speculate as to the extent of an employee's disability or

3    the employee's need or desire for an accommodation." Gantt v. Wilson, 143 F.3d 1042, 1046-47

4    (6th Cir. 1998). Where the employer has established reasonable procedures for making and

5    handling accommodation requests, it may expect its employees to utilize those procedures absent

6    extenuating circumstances . See Edwards v. U.S. Envt. Prot. Agency, 456 F. Supp.2d 72, 102-03

7    (D.D.C. 2006) ("[A]n employee's oral request cannot trump an employer's established

8    procedure for requesting and approving disability accommodations."); Williamson v. Clarke

9    County Dept. of Human Res., 834 F. Supp.2d 1310, 1321 n.16 (S.D. Ala. 2011) (an employee

10   fails to participate in the interactive process in good faith when he ignores instructions to fill out

11   the employer's accommodation request form and submit necessary documentation). Boeing

12   clearly and repeatedly set forth the steps for requesting leave, and plaintiff was well aware of the

13   requirements. In these circumstances, the receipt of medical documentation without a

14   corresponding request is ambiguous and did not trigger the interactive process. Nevertheless,

15   Boeing made efforts to contact plaintiff for clarification, but was unsuccessful. While plaintiff

16   attempts to blame Boeing for her failure to properly request an extension of her leave, the end

17   result was that her post-June 28 absences were unexcused. No reasonable jury could infer that

18   plaintiff's termination for violating the absence policy constitutes disability discrimination under

19   either the ADA or the WLAD.

20        In addition, the doctrine of after-acquired evidence precludes an award of damages or

21   equitable relief in this unusual case. McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352,

22   359-62 (1995). Operating on parallel tracks, Boeing's human resource and corporate

23   investigation personnel simultaneously determined that plaintiff had violated two of Boeing's

24   policies, each of which warranted termination. Plaintiff does not dispute that she worked during

25   her leave of absence from Boeing, that Boeing policy forbids employees from working while on

26   a leave of absence without express prior approval, that she did not have such approval, and that

27

28   ORDER GRANTING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT - 5

Boeing routinely terminates employees who violate this policy. Because Boeing discovered and investigated this second policy violation at the time of her termination, any remedies that might be available for a failure to accommodate are severely circumscribed: reinstatement and front pay are unavailable and backpay would be limited to the period of time between the termination and the discovery of the new information, which in this case is non-existent. Id. at 361–62. Thus, Boeing is entitled to a determination that the after-acquired evidence defense applies.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff has failed to raise a genuine issue of material fact regarding her failure to accommodate claims, and defendant is entitled to judgment as a matter of law on the liability issues. In addition, Boeing has proven its after-acquired evidence defense. Even if liability could be established, the remedies available to plaintiff would be severely limited. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 25th day of September, 2015.

Robert S. Lasnik

United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 6